Per Curiam.

Under Sections 13449-1 and 13459-6, General Code, the Court of Appeals may not modify a verdict or finding that a defendant is guilty of second degree murder by reducing it to a verdict or finding of manslaughter, unless the verdict or finding is “not sustained by sufficient evidence” of second degree murder but is sustained by sufficient evidence of manslaughter. Whether there is sufficient evidence of second degree murder in the instant case is a question of law. In reversing the previous judgment of the Court of Appeals, this court held that there was sufficient evidence of second degree murder and remand *487 ed the cause to the Court of Appeals solely to consider and pass upon the weight of the evidence. State v. Robinson, 161 Ohio St., 213, 118 N. E. (2d), 517. The Court of Appeals thereupon found that the conviction of murder in the second degree was against the manifest weight of the evidence, reversed the judgment of the trial court and ordered that defendant “be, and he hereby is found guilty of manslaughter in the first degree.”
Although there is sufficient evidence to sustain a verdict or finding of guilty of second degree murder, a Court of Appeals has the power to decide that such verdict or finding is against the weight of the evidence. The Supreme Court is not required to and ordinarily does not weigh the evidence. Therefore, it will not review the determination by a Court of Appeals that a verdict or finding is against the weight of the evidence. Where a Court of Appeals has decided that a verdict or finding of guilty of second degree murder is against the weight of the evidence but where, as in the instant case, this court has held that such a verdict or finding is sustained by sufficient evidence, such Court of Appeals has no power to modify such verdict or finding by reducing it to a verdict or finding of guilty of manslaughter. Its only power is to order a new trial.
The judgment of the Court of Appeals in the instant case is reversed, except to the extent that it determined that the finding of the three-judge trial court that the defendant was guilty of murder in the second degree is against the weight of the evidence. It is, therefore, ordered that this cause be remanded to the Common Pleas Court for a new trial.

Judgment accordingly.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taft, JJ., concur.